CLAYTON and others v. FOUR HUNDRED AND TEN TONS OF COAL.

*(District Court, S. D. New York.   June 17, 1884.)*

DEMURRAGE—CONSIGNEE TO FIND BERTH—DUTY OF VESSEL.
> Where a consignee is bound to provide a berth for the ship or pay demurrage for the delay, the vessel is not bound to enter upon a struggle with other vessels for the possession of the berth, or upon a race to obtain it.  The consignee must find a berth accessible to the ship without difficulty or struggle, and in default thereof must pay for the delay.

In Admiralty.

*Owen & Gray*, for libelants.

*William M. Hoes*, for claimant.

BROWN, J.  The libelant claims demurrage for the detention of his vessel during 11 working days, from the time of his arrival on the twenty-eighth of December to the time of completing his discharge on the fourteenth of January.  The bill of lading provided for the delivery of the coal at the rate of 100 tons a day, commencing 24 hours after notice of arrival, excluding Sundays and holidays, and for demurrage at the rate of eight cents a day per ton for detention beyond such time.  When the libelant's vessel arrived at the claimant's dock at Haverstraw, on the twenty-eighth of December, he gave notice to the consignee.  There was a sunken wreck immediately in front of his wharf, which appeared to be in the way, but which, on measurement, was found to leave sufficient room for the libelant's boat to get in.  The place was occupied, however, by another boat; and when that boat was ready to move away, the place was claimed for pontoons of the wrecking company to move the wreck.  The pontoons were nearer than the libelant's boat, and the latter could not have obtained her place without a struggle for the possession.  No such duty was obligatory upon the boat.  It was the consignee's duty to provide a place for the discharge of the cargo peaceably, and without either a race or a struggle for a berth.  The libelant offered to go to other places near by to discharge, but the respondent refused to receive the coal elsewhere.  The pontoons having first got alongside his dock, the libelant's boat was not able to obtain a berth there until the fifth of January; one of the intervening days was Sunday, leaving six days' detention since the boat's arrival, exclusive of the first day.

The libelant also contends that there was delay on the part of the consignee in receiving the coal after the discharge was commenced.  The evidence on this point is very conflicting.  This was the first coal the libelant had undertaken to discharge.  Changes were twice made in the means of discharging, which, I think, the weight of evidence shows was not as free from embarrassment as it should have been.  On the whole, I cannot find that the three days' delay after the discharge was commenced was occasioned through any fault of the respondent.  He is liable, however, for the six days' detention before

the discharge was commenced, which, at the rate provided by the bill of lading, amounts to $196.80, making, with interest to date, $237.51, for which the libelant is entitled to a decree, with costs.